UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Danh T. Nguyen<br>A/k/a Lisa Le<br><br>Debtor | Docket No.: 03-12887-WCH<br><br>Chapter 7 |
| Danh. T. Nguyen,<br>Appellant<br>v.<br>Joseph Braunstein as Chapter 7 Trustee<br>Appellee | BANKRUPTCY APPEAL<br>Civil Action No. 04-12107-NG |

BRIEF FOR APPELLANT

For the Appellant
David G. Baker, Esq. (BBO# 634889)
105 Union Wharf
Boston, MA 02109
(617) 367-4260

TABLE OF CONTENTS

TABLE OF CONTENTS....2

BASIS OF APPELLATE JURISDICTION....4

STATEMENT OF ISSUE PRESENTED AND STANDARD OF REVIEW....4

STATEMENT OF THE CASE....5

ARGUMENT....6

SUMMARY....6
A. BANKRUPTCY COURTS DO NOT HAVE DISCRETION TO DENY CONVERSION....6
B. THE FINDING OF BAD FAITH WAS CLEARLY ERRONEOUS....11

CERTIFICATE OF SERVICE....14

TABLE OF AUTHORITIES

CASES

Finney v. Smith (In re Finney), 992 F.2d 43, 45 (4th Cir.1993)....8
Grogan v. Garner, 498 U.S. 279, 112 L.Ed.2d 755 (1991)....11
Holyoke Nursing Home, Inc. v. Health Care Fin. Admin. (In re Holyoke Nursing Home, Inc.), 372 F.3d 1, 5 (1st Cir.2004)....9
In re Cabral, 285 B.R. 563 (1st Cir. BAP 2002)....4, 7, 10
In re Copper, 314 B.R. 628 (6th Cir. BAP 2004)....9
In re Croston, 313 B.R. 447 (9th Cir. BAP, 2004)....9
In re Iannochino, 242 F.3d 36 (C.A.1 (Mass.), 2001)....4
In re Keach, 243 B.R. 851 (1st Cir. BAP 2000)....11
In re Kuntz, 233 B.R. 580 (1st Cir. BAP 1999)....4, 6, 7
In re Ludlow Hosp. Soc'y, Inc., 124 F.3d 22, 27 (1st Cir.1997)....9
In re Marrama, 315 B.R. 525 (1st Cir. BAP 2004)....8
In re Mascolo, 505 F.2d 274 (1st Cir. 1974)....12
In re Miller, 303 B.R. 471 (10th Cir. BAP 2003)....9
In re Porras, 188 B.R. 375 (Bkrtcy.W.D.Tx 1995)....7, 8, 10
In re Porter, 276 B.R. 32 (Bkrtcy.D.Mass. 2002)....7, 12
In re Soares, 107 F.3d 969 (1st Cir. 1997)....11
In re Tully, 818 F.2d 106 (1st Cir. 1987)....12
In re Virden, 279 B.R. 401 (Bkrtcy.D.Mass. 2002)....11
Jamo v. Katahdin Federal Credit Union (In re Jamo), 283 F.3d 392, 403 (1st Cir.2002)....9
Johnson v. Home State Bank, 111 S.Ct. 2150, 501 U.S. 78, 115 L.Ed.2d 66 (1991)....11
Matter of Martin, 880 F.2d 857, 858 (5th Cir.1989)....4, 8
Taylor v. Freeland and Kronz, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992)....9
US v. Ron Pair Enterprises, 109 S.Ct. 1026, 489 U.S. 235, 103 L.Ed.2d 29 (1989)....7

## STATUTES

11 USC § 1322(a)(2) ....................12
11 USC §105 ....................8
11 USC §1325(a)(3) ....................10
11 USC §341 ....................5
11 USC §348(f)(2)....................10
11 USC §548 ....................12
11 USC §706 ....................4, 7, 8
11 USC 547....................12
28 USC §157 ....................4
28 USC §158(a)....................4
28 USC §158(c)....................4

## RULES

FRBP 1017(f)....................7
FRBP 9014....................7

## TREATISES

Erin J. Koffman, What Is A Bad Faith Conversion? The Need For A Uniform Method Of Determination, Bankrutpcy Developments Journal 2002 ....................8

BASIS OF APPELLATE JURISDICTION

This is an appeal from judgments, orders or decrees of the Bankruptcy Court for the District of Massachusetts (Eastern Division). The matter before the Bankruptcy Court was a Verified Motion to Convert the case to Chapter 13, which is a core proceeding pursuant to 28 USC §157(b)(2). This court has jurisdiction to hear this appeal pursuant to 28 USC §158(a). The debtor/appellant has elected to proceed to District Court pursuant to 28 USC §158(c).

STATEMENT OF ISSUE PRESENTED AND STANDARD OF REVIEW

The issue presented is whether the Bankruptcy Court has jurisdiction to deny a Chapter 7 debtor the right to convert a case to Chapter 13, and if so, whether the Bankruptcy Court was correct in doing so in this case.

The appellant submits that resolution of this issue requires interpretation of the bankruptcy code, in particular 11 USC §706. Interpretation of the Code is an issue of law, which is reviewed *de novo*. "Appellate courts reviewing an appeal from the Bankruptcy Court generally apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law." In re Cabral, 285 B.R. 563 (1st Cir. BAP 2002). "Whether a bankruptcy court properly denied a debtor's request for conversion is a question of law requiring *de novo* review on appeal." In re Kuntz, 233 B.R. 580 (1st Cir. BAP 1999), *citing* Matter of Martin, 880 F.2d 857, 858 (5th Cir.1989).

Ultimately, however, where issues presented are mixed issues of law and fact, each part is reviewed independently under the applicable standard. In re Iannochino, 242 F.3d 36 (1st Cir. 2001).

STATEMENT OF THE CASE

The bankruptcy case was commenced on April 8, 2003. *See Docket of the underlying case*. Appellee Joseph Braunstein was appointed trustee (hereinafter "the Trustee"). The Meeting of Creditors required by 11 USC §341 commenced on May 19, 2003. Thereafter, the trustee filed several motions to extend the time to object to the debtor's discharge, which were granted without any opposition from the debtor, except as to the seventh such motion[1]. In addition, the Trustee sought permission to examine the debtor pursuant to Fed.R.Bankr.Pro. 2004, which was granted, again without opposition from the debtor.

On May 12, 2004, Nguyen filed a Verified Motion to Convert the case to Chapter 13. The Trustee filed an "Opposition" to the motion on May 17, 2004, alleging in essence that conversion should be denied because, in the Trustee's view, the case was filed, or conversion was sought, in bad faith. The bankruptcy court scheduled a hearing, which was held on June 16. Prior to the hearing, Nguyen filed a response to the "Opposition" which, *inter alia*, denied any bad faith on her part. Nonetheless, the bankruptcy court entered an order denying conversion. This appeal followed. A Notice of Appeal was filed timely.

---

[1] The debtor objected because the examinations had consumed a significant amount of time over about a year without any noticeable benefit to the bankruptcy estate and she wanted the matter to be over with. The bankruptcy court granted that motion but also seemed to be clear that no further extensions would be granted. At the hearing on the motion, the trustee's counsel admitted that this is a "no asset" case. The time for the appellee to file a complaint objecting to discharge has passed without a complaint being filed by him, although the United States Trustee has filed a complaint.

# ARGUMENT

## Summary

In denying conversion of this case to Chapter 13, the Bankruptcy Court concluded that Nguyen had acted in bad faith in seeking conversion, based on the "totality of the circumstances", including actions taken in a prior bankruptcy case and in the gap between cases. The Bankruptcy Appellate Panel for the First Circuit has held that conversion may be denied only in "extreme circumstances" constituting bad faith. In re Kuntz, 233 B.R. 580 (1st Cir. BAP 1999). There does not appear to be decision from a District Court in Massachusetts. The BAP holding suggests that bankruptcy courts have discretion to deny conversion, a proposition with which Nguyen disagrees, given the plain language of the statute. Assuming that bankruptcy courts do have such discretion, a bankruptcy court abuses its "judicial discretion" when "… it ignores a material factor deserving of significant weight, relies upon an improper factor or makes a serious mistake in weighing proper factors." In re Howard, 284 F.3d 320 (1st Cir. 2002). Nguyen believes that if the bankruptcy court has discretion, it was abused in this case, given that it was based on a non-evidentiary hearing; if the bankruptcy court has discretion to deny a right granted to debtors under the bankruptcy code, it should not do so except in the most egregious circumstances and after an evidentiary hearing, neither of which are present in this case.

## A. Bankruptcy courts do not have discretion to deny conversion.

Bankruptcy courts in Massachusetts are fairly uniform in holding, based on precedent from the First Circuit BAP, that the right to conversion is not absolute and may be denied on a showing of bad faith. *See* In re Kuntz, 233 B.R. 580 (1st Cir. BAP 1999) (reversing denial of

conversion); In re Cabral, 285 B.R. 563 (1st Cir. BAP 2002) (where bankruptcy court immediately converted case and thereafter treated opposition to conversion as motion to reconvert, reconversion affirmed); *and* In re Porter, 276 B.R. 32 (Bkrtcy.D.Mass. 2002) (conversion to chapter 13 may be denied on showing of bad faith or futility). The majority of courts throughout the country, however, hold that the one-time right to conversion is absolute. In re Porras, 188 B.R. 375 (Bkrtcy.W.D.Tx 1995); Erin J. Koffman, What Is A Bad Faith Conversion? The Need For A Uniform Method Of Determination, Bankrutpcy Developments Journal 2002. These courts rely on the plain language of the statute. Id.

Such reliance is proper, as it is well settled that where the statutory language is plain and unambiguous, courts are bound to enforce the statute as written, and not apply a judicial gloss, so to speak, on the statute, Porras, *supra*; *see generally* US v. Ron Pair Enterprises, 109 S.Ct. 1026, 489 U.S. 235, 103 L.Ed.2d 29 (1989). 11 USC §706(a) is not ambiguous; it is plain and does not leave any room for discretion:

> "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable."

The statute itself says that conversion is a right, and goes on to say that if a debtor waives the right (such as in a pre-petition contract, for example), that waiver is unenforceable. The statute provides no exceptions. Under FRBP 1017(f), a motion to convert does not commence a contested matter within the meaning of FRBP 9014, suggesting that the rule makers did not intend for courts to consider any objections to conversion; entry of the order of conversion is a mere ministerial act, Porras, *supra*. Accordingly, the majority of courts (however slim) have held that the right to convert is absolute. *See* Erin J. Koffman, What Is A Bad Faith

Conversion? The Need For A Uniform Method Of Determination, Bankruptcy Developments Journal 2002. Although Koffman appears to believe that there should be circumstances in which conversion should be denied and proposes a "smell test" to aid in determination, she acknowledges that the plain language of the statute, as it presently exists, does not permit denial of conversion.

There appears to be no binding precedent from the First Circuit Court of Appeals on this issue, and only two Circuit Court decisions on point. *See* Finney v. Smith (In re Finney), 992 F.2d 43, 45 (4th Cir.1993), *and* Matter of Martin, 880 F.2d 857, 858 (5th Cir.1989). In this circuit, the Bankruptcy Appellate Panel revisited the issue recently and declined to follow the plain language of the statute and Legislative History, adhering to its prior decisions in Kuntz and Cabral. In re Marrama, 315 B.R. 525 (1st Cir. BAP 2004). The Marrama panel relied largely on Matter of Martin, *supra*. This reliance is curious because the court in Martin assumed that 11 USC §105 granted authority to deny conversion while at the same time acknowledging that the language of §706 is absolute. Thus the authority found by the First Circuit BAP is entirely "judicial", in that the BAP applied a judicial "gloss" on the statute[2], *see* In re Porras, 188 B.R. 375 (Bkrtcy.W.D.Tx 1995).

The panel in Marrama, however, unambiguously rejected the contention that §105 grants such authority, recognizing that the First Circuit has held that "section 105(a) does not provide bankruptcy courts with a roving writ, much less a free hand." Jamo v. Katahdin Federal Credit

[2] This is particularly evident in the BAP's rewriting of the statute. The BAP mis-quoted the statute to read that the Court may convert the case at any time. However the statute says that the debtor may convert the case at any time. Clearly Congress intended for conversion to be a matter of discretion for the debtor, and did not intend for the court to have discretion to deny conversion.

Union (In re Jamo), 283 F.3d 392, 403 (1st Cir.2002) (bankruptcy court lacked power to modify a reaffirmation agreement or compel the parties to enter into a judicially-crafted reaffirmation agreement). *Accord* Holyoke Nursing Home, Inc. v. Health Care Fin. Admin. (In re Holyoke Nursing Home, Inc.), 372 F.3d 1, 5 (1st Cir.2004) ("[T]he equitable powers of the bankruptcy court do not accord it 'a roving commission to do equity,' nor 'authorize courts to create substantive rights that are otherwise unavailable under the Code.' ") (*quoting* In re Ludlow Hosp. Soc'y, Inc., 124 F.3d 22, 27 (1st Cir.1997)).

There is no consistency in appellate opinions from other Bankruptcy Appellate Panels. *Compare* In re Croston, 313 B.R. 447 (9th Cir. BAP, 2004) *and* In re Miller, 303 B.R. 471 (10th Cir. BAP 2003) (both holding that the right to convert is absolute, regardless of circumstances, so long as the debtor qualifies to be a debtor under Chapter 13) *with* Marrama, *supra*, and In re Copper, 314 B.R. 628 (6th Cir. BAP 2004) (right to convert is not absolute and may be denied on showing of bad faith).

Courts which ignore the plain language of the statute and the Legislative History err because they ignore consistent and plentiful warnings from the United States Supreme Court that where the language of the statute is plain, the courts must apply it as Congress wrote it and not engage in legislation by decision. *See, e.g.,* Taylor v. Freeland and Kronz, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992). In Taylor, the chapter 7 trustee had objected to the debtor's claim of exemption in the proceeds of certain litigation. Apparently it was not disputed that the claimed exemption exceeded what should have been allowable. However, it apparently was also not disputed that the trustee's objection was untimely. Nonetheless, the bankruptcy court sustained the trustee's objection and ordered the debtor to turn over the proceeds. On appeal,

the District Court affirmed. However, the Third Circuit reversed. On final appeal, the Supreme Court affirmed the Third Circuit, holding that there is no "good faith" exception to the timeliness requirement for filing objections to claims of exemption and the courts have no authority to impose one[3].

The same reasoning applies here. The statute and Legislative History make it clear that the right to convert is absolute; there is no "good faith" exception or requirement. If Congress had wanted to impose such a requirement, it could have said so, as it has done in other contexts. *See* 11 USC §1325(a)(3) (requiring that a Chapter 13 plan be filed in good faith) *and* 11 USC §348(f)(2) (changing the definition of "property of the estate" when a case under Chapter 13 is converted in bad faith).

An absolute one-time right of conversion is consistent with congressional purpose and public policy because it encourages the repayment of debts under Chapter 13 rather than discharge without payment under Chapter 7; limiting it to once discourages playing fast and loose with the court. As the court noted in Porras, 188 B.R. 375 (Bkrtcy.W.D.Tx 1995), the fact that conversion is an absolute right does not leave the trustees or creditors with no remedy. This fact was borne out in the Cabral case, 285 B.R. 563 (1st Cir. BAP 2002), where the bankruptcy court treated "oppositions" as motions to reconvert. The bankruptcy court was affirmed by the Panel because there was evidence properly before the bankruptcy court as to the bad faith and insufficiency of the Chapter 13 plan. No plan was filed in the present case because the case was

[3] The Supreme Court declined to reach the issue of whether 11 USC §105 affords authority because the issue had not been presented to the lower courts.

never converted. Because the bankruptcy court in this case abused a discretion it did not have[4], the order denying conversion should be reversed.

B. The finding of bad faith was clearly erroneous

The purpose of the bankruptcy code is to permit the "honest but unfortunate debtor" to obtain a "fresh start", Grogan v. Garner, 498 U.S. 279, 112 L.Ed.2d 755 (1991), and so long as the debtor adheres to the requirements of the bankruptcy code, debtors are relieved of the legal obligation to pay most debts. Whether a debtor is "honest" is a subjective determination. "Honesty" is often used interchangeably with "good faith"; "good faith is simple honesty of purpose", and the totality of the circumstances may be viewed in making a determination of good faith. In re Keach, 243 B.R. 851 (1st Cir. BAP 2000); *but see* In re Virden, 279 B.R. 401 (Bkrtcy.D.Mass. 2002) (reaching the same conclusion but declining to follow or be bound by Keach). It is not bad faith to file a petition in order to obtain "breathing room", In re Soares, 107 F.3d 969 (1st Cir. 1997), or to resolve disputes with creditors, nor is it *per se* bad faith to file a chapter 13 case after a chapter 7 case, Johnson v. Home State Bank, 111 S.Ct. 2150, 501 U.S. 78, 115 L.Ed.2d 66 (1991).

Here, the bankruptcy court apparently concluded that Nguyen had filed her petition in bad faith. This conclusion was not supported by competent evidence, considering that the bankruptcy court did not hold an evidentiary hearing. There is no dispute that Nguyen had a prior Chapter 13 case, which was dismissed; that she filed a second case under Chapter 7; and that between cases, she sold an asset and paid numerous creditors. It is also undisputed,

---

[4] See footnote 2, *supra*.

apparently, that the payments to the creditors were not preferences within the meaning of 11 USC 547, nor was the sale of the asset fraudulent within the meaning of 11 USC §548. The trustee's counsel admitted on the record at a hearing in the bankruptcy court on September 8, 2004, that the case is a "no asset" case. Thus, by opposing conversion, the trustee ensured that creditors would not be paid anything, at least in this bankruptcy case, and he will not recover any of his legal fees – fees that he would be entitled to recover as an administrative expense in a Chapter 13 case. *See* 11 USC § 1322(a)(2) (requiring payment in full of claims entitled to priority as defined by §507, which includes administrative claims allowed under §503).

Even if conversion can be denied based on bad faith, the circumstances here do not demonstrate any significant degree of bad faith. There was no intentional concealment of the circumstances complained of by the trustee, nor was there any attempt to hide an asset. There was no misrepresentation of facts as in <u>In re Porter</u>, 276 B.R. 32 (Bkrtcy.D.Mass. 2002). It is true that there were omissions and errors in the schedules, however Nguyen avers that these were made by her previous attorney, and that she signed her bankruptcy papers on the attorney's advice. She is entitled to rely on such advice, unless it was patently obvious that the schedules were erroneous. <u>In re Mascolo</u>, 505 F.2d 274 (1st Cir. 1974); <u>In re Tully</u>, 818 F.2d 106 (1st Cir. 1987). Here, Nguyen stated, through counsel, that she had questioned her prior counsel about the omissions and directed him to correct them; that she had originally wanted to file under Chapter 13; that she did not understand why her prior counsel did not follow her direction; and that she retained new counsel in order to correct the mistakes made by prior counsel[5]. The

[5] Amendments to the schedules were made on May 12, 2004.

bankruptcy court did not credit the debtor's offer of proof and did not hold an evidentiary hearing. While the courts can render decisions on the papers or offers of proof, disputes over factual issues are not susceptible to "summary judgment" of this sort, especially given that "good faith" is a subjective concept and should not be determined without affording the debtor an opportunity to testify and the bankruptcy court an opportunity to assess credibility. Without an evidentiary hearing, the bankruptcy court clearly erred by giving undue weight to the representations of the trustee and improperly ignoring the debtor's representations concerning her prior counsel, or made a serious error in weighing them.

The bankruptcy court in this case plainly erred in denying conversion without an evidentiary hearing. The order denying conversion must be reversed and the matter remanded for further proceedings.

CONCLUSION

Nothing in the plain language of the statute gives bankruptcy courts discretion to deny conversion of a chapter 7 case to another chapter. Even if it has discretion, the bankruptcy court in this case committed clear error and abused its discretion. Nguyen made no effort to conceal any aspect of her financial affairs; she testified openly and honestly at the many examinations conducted by the Trustee or his counsel. She directed her prior counsel to make corrections to the schedules, but counsel failed to do so.

The order denying conversion should be reversed.

Dated: November 2, 2004

Respectfully submitted,
Danh T. Nguyen
By her attorney,

/s/ David G. Baker

David G. Baker, Esq. (BBO# 634889)
105 Union Wharf
Boston, MA 02109
(617) 367-2460

CERTIFICATE OF SERVICE

The undersigned hereby states upon information and belief that the within Brief for Appellant was served upon the appellee electronically by the Court's CM/ECF system and/or by email transmission to jbraunstein@reimerlaw.com.

November 2, 2004

/s/ David G. Baker

David G. Baker