UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 04-12107-NG

IN RE: DANH T. NGUYEN
Debtor

DANH T. NGUYEN
Debtor - Appellant

v.

JOSEPH BRAUNSTEIN, TRUSTEE FOR THE BANKRUPTCY ESTATE OF THE
CHAPTER 7 DEBTOR, DANH T. NGUYEN

Appellee

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
(Hon. William C. Hillman, U.S. Bankruptcy Court)

BRIEF FOR THE APPELLEE

RIEMER & BRAUNSTEIN LLP
Jeffrey D. Ganz
BBO No. 564375
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
Counsel for the Appellee

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

STATEMENT OF THE BASIS OF APPELLATE JURISDICTION............................................2

STATEMENT OF THE ISSUES PRESENTED AND STANDARD OF APPELLATE
REVIEW ................................................................................................................................2

STATEMENT OF THE CASE ...............................................................................................2

1.    Nature Of The Case, Course Of Proceedings, And Disposition............................................2

2.    Facts Relevant To The Issues Presented On Appeal ...........................................................3

ARGUMENT AND AUTHORITIES........................................................................................5

1.    A Chapter 7 Debtor's Right to Convert to a Chapter 13 Proceeding is Not Absolute. ............5

2.    The Debtor's Bad Faith Justified the Bankruptcy Court's Denial of the Motion to
Convert. ..........................................................................................................................7

3.    An Evidentiary Hearing Was Neither Requested Nor Required. ..........................................8

CONCLUSION.....................................................................................................................9

## CASES

*Cabral v. Shamban (In re Cabral)*, 285 B.R. 563 (B.A.P. 1st Cir. 2002) ...................................5, 8

*In re Calder*, 93 B.R. 739 (Bankr. D.Utah 1988) ........................................................................6

*In re Porter*, 276 B.R. 32 (Bankr. D. Mass. 2002) .....................................................................6

*In re Spencer*, 137 B.R. 506 (Bankr. N.D.Okla. 1992) .............................................................5, 6

*In re Tully*, 818 F.2d 106 (1st Cir. 1987).....................................................................................6

*Kuntz v. Shamban (In re Kuntz)*, 233 B.R. 580 (B.A.P. 1st Cir. 1999) ..................................2, 5, 8

*Marrama v. Citizens Bank of Massachusetts (In re. Marrama)*, 313 B.R. 525 (B.A.P. 1st
    Cir. 2004).............................................................................................................2, 5, 6, 7

*Martin v. Martin (In re Martin)*, 880 F.2d 857 (5th Cir. 1989)...................................................2, 5

## OTHER AUTHORITIES

11 U.S.C. §109(e) ........................................................................................................................4

Fed.R.Bank.P. 8013 .....................................................................................................................2

## INTRODUCTION

When she sought relief under Chapter 7 of the Bankruptcy Code, the Debtor/Appellant

failed to inform the Bankruptcy Court and her creditors that she had received and disbursed more

than $260,000.00 in proceeds from the sale of her residence within one year of filing her

bankruptcy petition.  Instead, she filed false statements with the Bankruptcy Court which

concealed the sale of that real property and the disposition of the resulting proceeds.  After the

Trustee/Appellee began an investigation into the facts and circumstances underlying the transfer

of these assets and the subsequent misrepresentations, the Debtor amended her disclosures and

sought to avoid further investigation and a challenge to her discharge of debts by moving to

convert her Chapter 7 bankruptcy to a proceeding under Chapter 13.  That motion was denied

because the admitted, unchallenged, and undisputed facts presented by the Trustee in opposition

to the motion were sufficient to establish the Debtor's bad faith and, thereby, prevent conversion

of the bankruptcy proceeding.  The Bankruptcy Court's actions were consistent with the well-

settled authority of the Bankruptcy Appellate Panel within this Circuit.  Nevertheless, the Debtor

continues her strategy of evasion with this appeal by seeking to create a conflict between the

Bankruptcy Appellate Panel and the District Court.  Where the Bankruptcy Code is designed to

provide the honest and forthright debtor with a fresh start, this Debtor's tactics of evasion and

misrepresentation should not be rewarded and the decision of the Bankruptcy Court should be

affirmed.

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

Appellee, Joseph Braunstein, Trustee for the Bankruptcy Estate of the Chapter 7 Debtor, Danh T. Nguyen (the "Trustee") is satisfied with the statement of the basis of appellate jurisdiction submitted by the Appellant, Danh T. Nguyen (the "Debtor").

## STATEMENT OF THE ISSUES PRESENTED AND STANDARD OF APPELLATE REVIEW

The Debtor presents two issues in this appeal. First, where a Chapter 7 debtor has exhibited bad faith, does the Bankruptcy Court have the authority to deny that debtor's motion to convert to a Chapter 13 proceeding? Second, assuming the Bankruptcy Court does have the authority to deny a debtor's motion to convert to a Chapter 13 proceeding, was the Bankruptcy Court's decision to deny this Debtor's motion sufficiently supported by the undisputed facts on the record?

"Whether a bankruptcy court properly denied a debtor's request for conversion is a question of law requiring *de novo* review on appeal." *Marrama v. Citizens Bank of Massachusetts (In re. Marrama)*, 313 B.R. 525, 529-30 (B.A.P. 1st Cir. 2004) (*citing, Kuntz v. Shamban (In re Kuntz)*, 233 B.R. 580, 582 (B.A.P. 1st Cir. 1999)); *see also Martin v. Martin (In re Martin)*, 880 F.2d 857, 858 (5th Cir. 1989). Although the Bankruptcy Court's findings of fact "shall not be set aside unless clearly erroneous," the Bankruptcy Court made no findings of fact in connection with the Debtor's Motion to Convert and thus, that standard is not applicable to this appeal. *See* Fed.R.Bank.P. 8013.

## STATEMENT OF THE CASE

### 1.    Nature Of The Case, Course Of Proceedings, And Disposition

On April 8, 2003, the Debtor filed a Voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code (the "Code"). *See Trustee's Opposition to Debtor's*

*Motion to Convert to Chapter 13,* ¶ 1 (hereinafter, *"Opposition,* ¶ __"); *Debtor's Response to*

*Trustee's Opposition to Verified Motion to Convert to Chapter 13,* ¶ 1 (hereinafter, *"Response,* ¶

__"). Thereafter, the Trustee was appointed to administer the affairs of the Debtor's bankruptcy

estate. *See Opposition,* ¶ 2; *Response,* ¶ 2. In the course of his duties, the Trustee conducted an

investigation of the Debtor to determine whether sufficient grounds existed under 11 U.S.C. §

727 to object to the discharge of debts sought by the Debtor in her bankruptcy proceeding. *See*

*Opposition,* ¶ 16; *Response* ¶ 16. During that investigation, the Debtor produced a number of

documents and appeared for an examination under oath in accordance with Fed.R.Bank.P. 2004.

*See Opposition,* ¶¶ 17, 18; *Response,* ¶¶ 17, 18. On May 12, 2004, less than two weeks after the

Trustee conducted his examination of the Debtor, the Debtor filed a Verified Motion to Convert

to Chapter 13 (the "Motion to Convert"). *See Opposition,* ¶ 25; *Response,* ¶ 25. The Trustee

filed an Opposition to the Motion to Convert on May 17, 2004. The Debtor then filed a

Response in which she admitted many of the facts alleged by the Trustee in his Opposition. The

Bankruptcy Court held a hearing to address the Debtor's Motion to Convert on June 16, 2004.

At the hearing, the Bankruptcy Court denied the Debtor's motion to convert. This appeal

followed.

2.    **Facts Relevant To The Issues Presented On Appeal**

      Ten months before she filed her Chapter 7 petition, the Debtor sold her primary residence

in Brookline for the sum of $725,000.00. *See Opposition,* ¶ 8; *Response,* ¶ 8. During the two

week period that followed the sale of the Brookline residence, the Debtor disbursed more than

$260,000.00 of the sale proceeds to fifteen different individuals via bank checks and personal

checks. *See Opposition,* ¶ 9; *Response,* ¶ 9. The Debtor failed to disclose in her initial filings

with the Bankruptcy Court that the she had sold the Brookline residence and further failed to

disclose that she had dissipated more than $260,000.00 in sale proceeds shortly thereafter. *See*

*Opposition*, ¶ 14; *Response* ¶ 14. In fact, when asked to list "all other property, other than property transferred in the ordinary course of the business of financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case," the Debtor responded with the word "None." *See Opposition*, ¶ 16; *Response*, ¶ 16.

The Debtor asserted that she used the more than $260,000 to satisfy long outstanding debts. *See Opposition*, ¶ 10; *Response*, ¶ 10. However, in connection with a Chapter 13 proceeding which she filed six months before the sale of the Brookline residence, the Debtor failed to disclose the existence of any debts owed to the individuals who received the money.[1] *See Opposition*, ¶¶ 3, 10; *Response* ¶¶ 3, 10. When asked about this omission, the Debtor confirmed that she intentionally omitted these creditors from the Schedules, Statement of Affairs, and other documents filed in connection with her Chapter 13 proceeding. *See Opposition*, ¶ 11; *Response* ¶ 11. The Debtor also admitted that she destroyed certain original promissory notes evidencing these alleged debts. *See Opposition*, ¶¶ 20-22; *Response*, ¶¶ 20-22.

The Trustee conducted an examination of the Debtor concerning these matters on April 29, 2004 for the purpose of, among other things, investigating whether sufficient grounds existed to support an objection to the discharge of debts sought by the Debtor. *See Opposition*, ¶¶ 16, 18; *Response*, ¶¶ 16, 18. In response to that examination, on May 11, 2004, the Debtor filed amended Schedules and an amended Statement of Financial Affairs which disclosed her sale of the Brookline property and her payment of an unspecified portion of the proceeds to satisfy

---

[1] If the Debtor had disclosed these alleged debts at the time of her Chapter 13 filing, her case would have been dismissed because she would not have been eligible to become a Chapter 13 debtor. *See* 11 U.S.C. § 109(e) and comment entitled "Adjustment of Dollar Amounts" (establishing jurisdictional maximum of $269,250.00 in unsecured debt at that time).

4

unnamed creditors. *See Opposition*, at ¶ 4, fn. 2; *Response*, ¶ 4. At the same time, the Debtor

also filed the Motion to Convert. *See Opposition*, ¶ 25; *Response*, ¶ 25.

## ARGUMENT AND AUTHORITIES

**1.    A Chapter 7 Debtor's Right to Convert to a Chapter 13 Proceeding is Not Absolute**.

The Bankruptcy Appellate Panel for the First Circuit has consistently held that, where the

debtor has exhibited bad faith, a Chapter 7 debtor's right to convert to a Chapter 13 proceeding is

not absolute. *See In re Marrama*, 313 B.R. at 530-32; *Cabral v. Shamban (In re Cabral)*, 285

B.R. 563, 574-75 (B.A.P. 1st Cir. 2002); *In re Kuntz*, 233 B.R. at 582-85. Most recently, the

Bankruptcy Appellate Panel has stated that the Bankruptcy Code "does not grant a debtor an

absolute right to convert a case from Chapter 7 to Chapter 13; rather the right to convert is

presumptive and should be granted unless there are extreme circumstances showing that the

debtor is abusing the jurisdiction of the bankruptcy court." *In re Marrama*, 313 B.R. at 532-33.[2]

Like other courts, the Bankruptcy Appellate Panel for the First Circuit has held that

evidence of bad faith is sufficient to constitute the "extreme circumstances" warranting the

denial of a motion to convert. *See, e.g., In re Marrama*, 313 B.R. at 531 ("the First Circuit

B.A.P. recognizes that a debtor may be refused a right to convert to a chapter 13 in extreme

circumstances constituting bad faith"). *See also In re Martin*, 880 F.2d at 859-60 (affirming

district court's reversal of the bankruptcy court's denial of debtor's motion to convert, but

acknowledging that "extreme circumstances" could warrant a denial of a motion to convert); *In*

*re Spencer*, 137 B.R. 506, 512 (Bankr. N.D.Okla. 1992) (holding that, "[i]n the presence of

extreme circumstances, debtor's right to convert can be conditioned or denied as necessary to

---

[2] The *Marrama* decision is currently on appeal before the Court of Appeals for the First Circuit, Docket No. 04-9009. The Debtor is surely aware of this fact as her counsel in this appeal is also counsel to the Debtor/Appellant in *Marrama*. *See In re Marrama*, 313 B.R. at 525. As of November 17, 2004, no briefing schedule appears to have been set by the Court of Appeals.

prevent injustice to other parties and imposition on the Court."); *In re Calder*, 93 B.R. 739, 739-40 (D.Utah 1988) (finding that bankruptcy courts have the authority to deny a motion to convert to Chapter 13 to prevent an abuse of process or preserve the integrity of the court). Limiting the Debtor's conversion rights is consistent with the overall purpose of the Bankruptcy Code "to make certain that those who seek its shelter do not play fast and loose with their assets or with the reality of their affairs." *See In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987). "The Code is designed to insure that complete, truthful, and reliable information is put forward at the outset of the case." Id. As one recent decision explained, "Debtors who desire the full benefits of bankruptcy relief must fully comply with their duties under the Bankruptcy Code. Failure to do so justifies denying them benefits they might otherwise enjoy . . .." *In re Porter*, 276 B.R. 32, 39 (Bankr. D. Mass. 2002), *citing In re Tully*, 818 F.2d at 110.

The existence of "extreme circumstances" and "bad faith" may be demonstrated in a variety of ways. The Bankruptcy Appellate Panel for the First Circuit has held that the debtor's false or misleading statements and the omission of critical information from bankruptcy schedules and other filings warrant a finding of bad faith. *See In re Marrama*, 313 B.R. at 527-28, 531-35 (where debtor had concealed the transfer of his residence). *See also In re Porter*, 276 B.R. at 37 (where debtor falsely answered "None" on the portion of his Statement of Financial Affairs concerning the disclosure of property transferred within one year of his bankruptcy filing). Other factors include whether the request to convert "amounts to an attempt to escape debts rather than to repay them" or whether the debtor has "committed acts justifying denial of discharge." *In re Spencer*, 137 B.R. at 511-15; *see also In re Calder*, 93 B.R. 739, 740 (Bank. D. Utah 1988) (where bad faith was established, debtor's conduct warranted a denial of his discharge). A court may also consider "whether disclosure was prompted by an investigation by

6

the trustee of the filing of dischargeability litigation . . . as well as the timing of the motion to convert." *In re Marrama*, 313 B.R. at 531-32.

**2.    The Debtor's Bad Faith Justified the Bankruptcy Court's Denial of the Motion to Convert.**

Ten months before she filed her Chapter 7 petition, the Debtor received net cash proceeds exceeding $260,000 from the sale of her Brookline residence. *See Opposition*, ¶ 8; *Response*, ¶ 8. These proceeds clearly could have been used to satisfy the claims of her unsecured creditors. Within days of receiving these proceeds, however, the Debtor transferred all of this money to a variety of individuals whom she claims to have been indebted. *See Opposition*, ¶¶ 9, 10; *Response*, ¶¶ 9, 10. While the Debtor claims that several of these individuals required her to sign promissory notes evidencing these debts, the Debtor also claims to have destroyed those promissory notes. *See Opposition*, ¶¶ 20-22; *Response*, ¶¶ 20-22. The dubious nature of these debts is highlighted by the fact that the Debtor failed to list these creditors in the Schedules she prepared in connection with a previous Chapter 13 bankruptcy filing. *See Opposition*, ¶ 11; *Response* ¶ 11.

When the Debtor subsequently filed for relief under Chapter 7 of the Bankruptcy Code, she concealed both the sale of the Brookline residence and her dissipation of the sale proceeds. *See Opposition*, ¶ 14; *Response* ¶ 14. In her Schedules and Statement of Financial Affairs, the Debtor falsely stated that she had transferred no property, money, or other asset outside of the ordinary course of business during the one year period prior to her bankruptcy filing. *See Opposition*, ¶ 16; *Response*, ¶ 16. The Debtor did not correct these misrepresentations and omissions until after the Trustee had discovered them during his investigation into whether sufficient grounds existed under 11 U.S.C. § 727(a) to object to the discharge of debts. *See Opposition*, ¶¶ 16-18, 25; *Response* ¶¶ 16-18, 25.

These undisputed facts have caused the United States Trustee to initiate an adversary proceeding against the Debtor seeking to deny her the discharge of debts she would have otherwise obtained in this bankruptcy proceeding. To the extent that the Debtor is denied a discharge, her unsecured creditors will be entitled to pursue full satisfaction of their claims. In contrast, a Chapter 13 proceeding would preclude any denial of discharge and allow the Debtor to pay her creditors a small percentage of what they are owed.

**3.      An Evidentiary Hearing Was Neither Requested Nor Required.**

While a substantial showing of bad faith is required to justify a denial of a motion to convert, an evidentiary hearing is not mandated. *See In re Cabral*, 285 B.R. at 575-77. Instead, a bankruptcy court is entitled to rely upon undisputed facts and unchallenged allegations in rendering a decision on a motion to convert. *See id.* at 577 ("the appellant had the opportunity to contest the conversion motion at the hearing but he essentially left undisputed the creditor's core allegations. Therefore, an evidentiary hearing was not required."); *In re Kuntz*, 233 B.R. at 585 (where court relied on "several facts not challenged by the trustee"). This is particularly true where a party fails to request an evidentiary hearing. *See In re Cabral*, 285 B.R. at 577 (where she had failed to request an evidentiary hearing, "the debtor could not complain about the lack of an evidentiary hearing on appeal").

All of the facts pertaining to the Debtor's false statements and omissions, as well as the events and transactions underlying those statements and omissions, were not disputed by the Debtor. *See Opposition*, ¶¶ 1-4, 8-11, 14, 16-18, 20-22, 25; *Response*, ¶¶ 1-4, 8-11, 14, 16-18, 20-22, 25. Thus, even if an evidentiary hearing would normally be required, there was no need for one in this case. While the Debtor asserts that the Bankruptcy Court's failure to hold an evidentiary hearing on the Motion to Convert was an error of law, she fails to cite to any case law mandating such a hearing. Moreover, the Debtor failed to request an evidentiary hearing

and, thus, waived any right she may have had to claim on appeal that the failure to conduct such

a hearing was error.

## CONCLUSION

For the foregoing reasons, the Trustee, Joseph Braunstein, requests this Court to affirm

the judgment of the Bankruptcy Court.

> Respectfully submitted,
> JOSEPH BRAUNSTEIN, TRUSTEE FOR
> BANKRUPTCY ESTATE OF THE
> CHAPTER 7 DEBTOR,
> DANH T. NGUYEN
>
> By his Attorneys,
> RIEMER & BRAUNSTEIN LLP

Dated: November 17, 2004

> /s/ Jeffrey D. Ganz
> Jeffrey D. Ganz
> BBO #564375
> Riemer & Braunstein LLP
> Three Center Plaza
> Boston, Massachusetts 02108
> (617) 523-9000

9

## CERTIFICATE OF SERVICE

I, Jeffrey D. Ganz, hereby certify that I caused to be served on this 17th day of November

2004, a true and correct copy of the foregoing **Brief for the Appellee** upon the following parties

in the manner indicated:

Office of the U.S. Trustee
Thomas P. O'Neill Federal Building
10 Causeway Street
Boston, Massachusetts 02222
(ELECTRONICALLY)

David G. Baker, Esquire
105 Union Wharf
Boston, Massachusetts 02109
(ELECTRONICALLY and FIRST CLASS MAIL)

/s/ Jeffrey D. Ganz
Jeffrey D. Ganz
