```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
_____
In re:                                )
DAHN T. NGUYEN,                       )
     Debtor,                          )
                                      )
DAHN T. NGUYEN,                       )
     Appellant,                       )
                                      )
     v.                               )   C.A. No. 04-12107-NG
                                      )
JOSEPH BRAUNSTEIN                     )
     as Chapter 7 Trustee,            )
     Appellee.                        )
_____)
GERTNER, D.J.:
```

**MEMORANDUM AND ORDER RE:
APPEAL FROM THE DECISION OF THE
UNITED STATES BANKRUPTCY COURT FOR THE
<u>DISTRICT OF MASSACHUSETTS</u>
October 6, 2005**

**I. <u>INTRODUCTION</u>**

The Appellant/Debtor, Dahn T. Nguyen, seeks a reversal of the decision of the Bankruptcy Court for the District of Massachusetts denying her right to convert a bankruptcy case from Chapter 7 to Chapter 13. Appellant/Debtor advances three arguments in support of her appeal. She argues first that the language of the U.S. Bankruptcy Code provides for an absolute right to a one-time conversion from Chapter 7 to Chapter 13; second, that even if that right is not absolute, her actions do not amount to the "extreme circumstances constituting bad faith" required to deny her motion; and third, that an evidentiary hearing was required for the Bankruptcy Court to deny the motion to convert. For the reasons stated below, I find no error by the

Bankruptcy Court and hereby **AFFIRM** its judgment.

## II. BACKGROUND

Appellant/Debtor first filed for Chapter 13 bankruptcy on February 8, 2002. That proceeding was dismissed on June 10, 2002, before Appellant/Debtor submitted a Chapter 13 plan.

Appellant/Debtor then sold her Brookline property on August 8, 2002. Between August 8, 2002 and August 20, 2002, she disbursed $260,000 in proceeds from the sale of the residence to fifteen individuals to whom she owed money.

On April 8, 2003, Appellant/Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the U.S. Bankruptcy Code. A trustee, the Appellee, Joseph Braunstein, was appointed to administer the bankruptcy. On April 29, 2004 the Trustee conducted an investigation which required a number of documents from the Appellant/Debtor. Twelve days after this investigation, Appellant/Debtor filed a verified motion to convert from Chapter 7 to Chapter 13, presumably to shield the fifteen transfers. The Trustee opposed this motion and on June 16, 2004, the Bankruptcy Court denied Appellant/Debtor's motion to convert on the ground of bad faith. The Bankruptcy Court did not hold an evidentiary hearing.

## III. LEGAL ANALYSIS

### A. Standard of Review

This Court has jurisdiction to hear an appeal from a final order of a bankruptcy court. See 28 U.S.C. § 158(a). Pursuant

to Federal Rule of Bankruptcy Procedure 8013, this Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The bankruptcy court's findings of fact may not be set aside unless clearly erroneous. Id. Findings of law, however, are reviewed *de novo*. In re LaRoche, 969 F.2d 1299, 1301 (1st Cir. 1992). Because the Bankruptcy Court here made no findings of fact in connection with the Appellant/Debtor's motion to convert, its judgment is reviewed *de novo*.

    **B.**    **Appellant/Debtor Fails To Show That the Right to Conversion From Chapter 7 To Chapter 13 Is Absolute In The First Circuit.**

Appellant/Debtor first argues that, while in the First Circuit the right to conversion is not absolute, the majority of courts throughout the country have recognized an absolute right to a one-time conversion. She asks this Court to ignore controlling First Circuit jurisprudence and adopt an interpretation of the Bankruptcy Code that allows an absolute right to a one-time conversion. This Court declines to do so.

Section 706 of the Bankruptcy Code provides that a Appellant/Debtor may convert from a Chapter 7 to a Chapter 13 bankruptcy at any time.[1] Legislative history explains that an

---

[1] 11 U.S.C. § 706.
The Appellant/Debtor may convert a case under this chapter, [Chapter 7], to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307

absolute right to a one-time conversion would encourage conversion from a liquidation to a repayment plan.  However, the First Circuit has held that the right to a one-time conversion may be denied in extreme circumstances constituting bad faith.  Marrama v. Citizens Bank of Massachusetts, 313 B.R. 525, 530-31 (B.A.P. 1st Cir. 2004) ("[T]his Panel has previously held that a debtor's one-time right to convert a Chapter 7 case to a Chapter 13 is not absolute, but may be denied in extreme circumstances constituting bad faith."); see also Cabral v. Shamban, 285 B.R. 563, 575 (B.A.P. 1st Cir. 2002)(finding bad faith where debtor provided misleading testimony, submitted a schedule showing substantial differences between the liabilities and assets, and concealed a probable future personal injury settlement); Kuntz v. Shambam, 233 B.R. 580, 583 (B.A.P. 1st Cir. 1999) (explaining that a debtor's one-time right to convert from Chapter 7 to Chapter 11, 12 or 13 may be denied only in extreme cases constituting bad faith).

There is therefore no absolute right to a one-time conversion from Chapter 7 to Chapter 13 in the First Circuit.

C. **Appellant/Debtor's Actions Constituted Bad Faith And Thus The Bankruptcy Court Was Permitted To Deny Conversion.**

Appellant/Debtor argues second that, in the First Circuit, conversion may be denied only in "extreme circumstances"

---

of this title.  Any waiver of the right to convert a case under this subsection is unenforceable.

constituting bad faith, which are not present in this case.

Under Marrama, a debtor has no right to convert "in extreme circumstances constituting bad faith." 313 B.R. at 530. The First Circuit has explained this rule as a way to ensure that "those who seek shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs." Id. at 532 (citing Boroff v. Tully, 818 F.2d 106, 110 (1st Cir. 1987)). In determining bad faith, the Marrama court looked at the totality of the circumstances. 313 B.R. at 531. The court examined the actions of the debtor in concealing the transfer of a residence and the timing of his filing for a motion to convert (directly after the trustee's investigation). Id. The court ultimately determined that the debtor's false and misleading statements and the omission of critical information from bankruptcy schedules warranted a finding of bad faith. Id. at 533.

In another case, In re Porter, the Bankruptcy Court for the District of Massachusetts found bad faith where the debtor falsely answered "None" with regard to property transferred within one year of filing for bankruptcy. 276 B.R. 32, 36-37 (Bkrtcy. D.Mass. 2002).

The circumstances here are analogous to those in Marrama and Porter. In the present case, Appellant/Debtor sold her home for $725,000 ten months prior to the Chapter 7 petition. She then disbursed $260,000 from the sale to fifteen individuals.

However, she did not disclose the sale or disbursement to the Bankruptcy Court as required by the Bankruptcy Code. When asked to list all property transferred within one year preceding the petition, she responded "None."

Once the Chapter 7 trustee began his investigation, presumably to avoid a challenge to the discharge of the fifteen previously undisclosed debts, Debtor/Appellant moved to convert to Chapter 13. In further evidence of bad faith, the Appellant/Debtor created promissory notes for the fifteen individuals only after the Trustee requested them, claiming her son transcribed them from earlier handwritten notes which had been discarded.

Appellant/Debtor counters any suggestion of bad faith by alleging incompetent representation by her prior attorney. She also claims that she intended to file under Chapter 13 all along.

Appellant/Debtor cites In re Mascolo to bolster her claim of incompetent representation of counsel. 505 F.2d 274 (1st Cir. 1974). The court in Mascolo found that a debtor acting on bad advice of counsel could rebut an inference of fraud. "We agree that an explanation by a bankrupt that he had acted upon advice of counsel who in turn was fully aware of all the relevant facts generally rebuts an inference of fraud." Id. at 277 (citing In re Topper, 229 F.2d 691, 693 (3d Cir. 1956) (holding that reliance on advice of counsel "may be an excuse for an inaccurate or false oath" in a bankruptcy case); Jones v. Gertz, 121 F.2d

782 (10th Cir. 1941) (same)).  However, the Mascolo court also required that the debtor raise an attorney incompetence defense *prior* to reaching the First Circuit.  "But we cannot find that Mascolo or his attorney ever offered such an explanation in proceeding before the referee."  505 F.2d at 277.

In the present case, Appellant/Debtor argues attorney incompetence but offers no evidence, as required by Mascolo, that she previously made this argument to the Trustee or the Bankruptcy Court.

Thus, Appellant/Debtor's attempt to argue incompetent representation falls short.  Her actions would constitute "bad faith" under Marrama, and the Bankruptcy Court was justified in denying her motion to convert.

### D. **Appellant/Debtor Fails To Show That An Evidentiary Hearing Was Required For The Bankruptcy Court To Deny Her Motion To Convert.**

Appellant/Debtor also argues that an evidentiary hearing was required in order for the Bankruptcy Court to deny her motion to convert.  However, she never requested an evidentiary hearing before the Bankruptcy Court.  Moreover, under Cabral, an evidentiary hearing is not mandated in such cases.  285 B.R. 563.

Section 1307(c) of the Bankruptcy Code provides for "notice and a hearing" on motions for conversion to a Chapter 13

bankruptcy.[2]  However, the First Circuit in <u>Cabral</u> cites authority in several circuits holding that evidentiary hearings are not always required when a Bankruptcy Court dismisses or converts a case.  <u>Id.</u> at 576.  The <u>Cabral</u> court relied on a Second Circuit case in which the court found it was within the Bankruptcy Court's discretion to decide a bad faith issue and dismiss a case without a formal evidentiary hearing.  <u>Id.</u> at 577 (citing <u>C-TC 9th Ave. P'ship v. Norton Co.</u>, 113 F.3d 1304, 1312 (2d Cir. 1997)).  The First Circuit adopted the Second Circuit's

---

[2] 11 U.S.C. §1307(c).
 Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--

**(1)** unreasonable delay by the Appellant/Debtor that is prejudicial to creditors;

**(2)** nonpayment of any fees and charges required under chapter 123 of title 28;

**(3)** failure to file a plan timely under section 1321 of this title;

**(4)** failure to commence making timely payments under section 1326 of this title;

**(5)** denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

**(6)** material default by the Appellant/Debtor with respect to a term of a confirmed plan;

**(7)** revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

**(8)** termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

**(9)** only on request of the United States trustee, failure of the Appellant/Debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521; or

**(10)** only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521.

rule, and has refused to interpret Section 1307(c)'s reference to "notice and a hearing" as *requiring* a hearing in all circumstances. <u>Cabral</u>, 285 B.R. at 577; <u>see</u> <u>also</u> <u>Prebor v. Collins</u>, 143 F.3d 1, 5-6 (1st Cir. 1998) (holding that "a hearing- much less an evidentiary hearing- is not required in every instance").

The denial of an evidentiary hearing is especially justified, as here, when Appellant/Debtor failed to request such a hearing. <u>Cabral</u>, 285 B.R. at 577 (citing <u>Blaise v. Wolinsky</u>, 219 B.R. 946, 949 (B.A.P. 2d Cir. 1997) ("Indeed, at no time did [the debtor] even request an evidentiary hearing. He cannot, therefore, now be heard to complain about the lack of an evidentiary hearing.")). Appellant/Debtor's argument for an evidentiary hearing therefore also fails.[3]

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, the judgment of the Bankruptcy Court denying Appellant/Debtor's motion to convert is hereby **AFFIRMED**.

**SO ORDERED.**

**Dated: October 6, 2005          s/ NANCY GERTNER U.S.D.J.**

---

[3] Appellant/Debtor contends that she needed an evidentiary hearing to introduce evidence of the incompetence of prior counsel. However, she offers no evidence that she asked for a hearing or was denied the opportunity to introduce the evidence at any time other than on appeal.