UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| In re: <br>       Danh T. Nguyen <br>       A/k/a Lisa Le <br>                          Debtor | Docket No.:  03-12887-WCH <br> Chapter 7 |
|---|---|
| Danh. T. Nguyen, <br>                                  Appellant <br>            v. <br> Joseph Braunstein as Chapter 7 Trustee <br>                                  Appellee | BANKRUPTCY APPEAL <br> Civil Action No. 04-12107-NG |

MEMORANDUM IN SUPPORT OF
APPELLANT'S MOTION FOR REHEARING

      In support of her motion for rehearing pursuant to FRBP 8015, appellant Danh T. Nguyen states as follows:

I.    Standard for decision

      There appears to be only a few decisions setting forth the standard for deciding whether to grant a motion for rehearing under FRBP 8015.  The Bankruptcy Appellate Panel for the Ninth Circuit said this:

> Rule 8015 does not set forth standards for granting rehearing, but as that rule was derived from FRAP 40, it is appropriate to look there for guidance.  Olson v. United States, 162 B.R. 831, 834 (D.Neb. 1993).  Under FRAP 40, a party seeking rehearing must "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition."
> Petitions for rehearing are designed to ensure that the appellate court properly considered all relevant information in rendering its decision.  Armster v. U.S. District Court, C.D. Cal., 806 F.2d 1347, 1356 (9th Cir.1986).  A petition for rehearing is not a means by which to reargue a party's case.  Anderson v. Knox, 300 F.2d 296, 297 (9th Cir.1962).

In re Hessco Industries, 295 B.R. 372 (9th Cir. BAP, 2003).  *See also* The Shawnee State Bank, v. First National Bank of Olathe (In re Winders), 202 B.R. 512 (D.Kan. 1996).  In the present case, Nguyen believes that the Court has misunderstood the law applicable to this case, and that rehearing is warranted accordingly.

2

ARGUMENT

This court stated on page three of the decision that the appellant "asks this Court to ignore controlling First Circuit jurisprudence…" This is incorrect because there *is no* "controlling" First Circuit jurisprudence, in any sense of the word. The First Circuit Court of Appeals has not published a decision on this issue, at least as of this date[1]. Decisions of the Bankruptcy Appellate Panel and/or of another judge of the District Court are not "controlling authority". JPMorgan Chase Bank v. Cook, 322 F.Supp. 2d 353 (S.D.N.Y. 2004); In re Virden, 279 B.R. 401 (Bkrtcy.D.Mass. 2002), *citing* In re Carrozzella & Richardson, 255 B.R. 267 (Bkrtcy.D.Conn. 2000); In re Barakat, 173 B.R. 672 (Bkrtcy.C.D. Cal. 1994). However persuasive such decisions may be, they do nothing more than establish the law of the case.

The court in Carrozella thoroughly explains the reasoning behind this, and the reasoning will not be repeated. It is sufficient to say that the Bankruptcy Appellate Panel is composed of bankruptcy judges from districts within the circuit, but who do not regularly sit in the district whence the appeal originated. Bankruptcy judges are appointed pursuant to Article I of the Constitution; they are not Article III judges, as is this Court, and they are unequivocally not judges of the First Circuit Court of Appeals, as this Court seems to believe, *see Decision at page 4* ("However, the First Circuit has held …"). It is only decisions of the First Circuit Court of Appeals which establish "controlling authority".

In the absence of such authority, therefore, it is incumbent on this Court to conduct its own analysis of the law or, at a minimum, explain why it finds the decisions of the Bankruptcy Appellate Panel to be persuasive, if only for purposes of further appeal to the First Circuit. While the appellant does not desire to reargue the case, she feels confident that an impartial analysis of the cases cited will disclose their defects. The BAP in In re Marrama, 313 B.R. 525 (1st Cir. BAP 2004) did not conduct any substantive statutory analysis aside from its conclusion that 11 USC §105 does not grant bankruptcy courts authority to ignore the plain language of the statute and the legislative history, and deny conversion; at the same time, however, there is no explanation of where such authority *does* come from. By contrast, the BAP in In re Kuntz, 233 B.R. 580 (1st Cir. BAP 1999), explicitly followed cases which hold that 11 USC §105 *does* provide such authority. The BAP decision in In re Cabral, 285 B.R. 563 (1st Cir. BAP 2002), is distinguishable because in that case, the bankruptcy court had already converted the case to Chapter 13 and was considering whether cause existed to convert the case back to Chapter 7.

---

[1] The BAP decision in In re Marrama, 313 B.R. 525 (1st Cir. BAP 2004) was appealed to the First Circuit, and oral argument was held in March. No decision has yet been handed down.

3

The BAP's discussion of whether the right to convert is absolute is mere dicta since the issue presented was whether the bankruptcy court erred in finding cause to reconvert.

As this discussion makes clear, the decisions of the Bankruptcy Appellate Panel for the First Circuit and inconsistent and contradictory; <u>Marrama</u> and <u>Cabral</u> clearly conflict in their approach to 11 USC §105. Nonetheless, it is well within this Court's prerogative to adopt the reasoning of the BAP, however flawed the appellant may believe it to be. Given that the Court appears to have proceeded from an erroneous belief that the BAP decisions are "controlling authority", the appellant requests that the Court grant a rehearing or reconsideration of this appeal, and that the Court issue an amended memorandum of decision which sets forth its analysis of the applicable law. The appellant is confident that upon doing so, it will find that the BAP decisions are incorrect and that the bankruptcy court in the present case should be reversed.

WHEREFORE the appellant requests that the Court grant a rehearing and that the bankruptcy court be reversed.

Dated:  October 9, 2005

                                                Respectfully submitted,
                                                Danh T. Nguyen
                                                By her attorney,

/s/  *David G. Baker*
David G. Baker, Esq. (BBO# 634889)
105 Union Wharf
Boston, MA 02109
(617) 367-2460

## CERTIFICATE OF SERVICE

The undersigned hereby states upon information and belief that the within Motion For Rehearing and Memorandum of Law in support was served upon the appellee by the Court's CM/ECF system

October 9, 2005

/s/  *David G. Baker*
David G. Baker, Esq.